Wright *v.* Boynton.

## WRIGHT *v.* BOYNTON.

Where a motion was made by a plaintiff to set aside a verdict, for error in the ruling of the judge, and because the verdict was against evidence, and the questions were assigned to this court, the motion overruled, and judgment ordered upon the verdict,—on a subsequent motion to set aside the verdict, on the ground that by mistake, accident or misfortune justice had not been done, the motion being founded on the matters embraced in the original exceptions, it was *held*, that section 24 of the law of 1855, remodeling the judiciary, conferred no new power upon the court to grant new trials, and that the matter of the second motion must be regarded as already adjudicated.

THIS was an action brought February 11, 1856, by Hapgood Wright against Spalding Boynton and William Haywood, to recover the amount due upon two notes signed Wm. Haywood & Co., by Willard Russell, agent, which were given for goods sold to said firm, and upon an account annexed for goods sold to said firm, $308.49; the amount now due being about $770. In December, 1846, the defendant Boynton gave to Willard Russell a power-of-attorney, by which he authorized him to traffic in certain kinds of goods, therein named, as the defendant's

agent, without any limitation of time or place, although Lawrence, in Massachusetts, was one of the places particularly mentioned in which the business might be done. Russell, acting under this authority, for some months did business alone until the summer of 1847, when he had a stock of about $600 value thus acquired. He then, acting for and in behalf of the respondent, Boynton, formed a partnership with William Haywood, of Lawrence, to carry on the same kind of business at Lawrence, the firm to consist of Haywood and the defendant, under the name of William Haywood & Co., and Russell to be the agent. The stock of $600 was put into the firm, and Haywood put in the same amount. The firm continued a little over three years engaged in the same business, Russell acting as the agent of the firm, and representing to the plaintiff and others that the defendant was a member of the firm, and was entirely responsible; and the goods embraced in this suit and those for which said notes were given, were sold upon the faith of these representations. Before the sale of said goods the defendant was in the store of William Haywood & Co. on three several occasions, and became acquainted with the fact of the formation of the partnership, as before stated, and did not stop the business or express any dissent to the contract of partnership, but on the contrary, on one of the occasions said to Haywood, the other partner, that he considered himself holden, and cautioned him in respect to the manner of doing business. After a verdict for the defendant Boynton, rendered at the January term, 1858, the plaintiff moved to set aside the verdict for errors in the ruling of the court, and because the verdict was against evidence, which motion was denied, and judgment ordered on the verdict at the July term, 1858. At the September trial term, 1858, the plaintiff again made a motion that the verdict be set aside and a new trial granted, or that judgment be rendered, open to review; setting forth the

above facts, and arguing upon them that the defendant, upon the plainest principles of law and justice, ought to be holden for the debts in suit, but that, although at the trial of this cause the formation of the partnership, as stated, the sale of the goods to that firm, and the giving of the notes were proved and not denied, and although the defendant's knowledge of the partnership and his conduct in relation to it were also proved by the depositions of two credible witnesses, standing uncontradicted and unimpeached, yet, that, for some cause which the plaintiff was unable to explain, not knowing how to account for it, a verdict was rendered for the defendant, and so by some accident, mistake or misfortune, justice had not been done, and a further hearing would be just and equitable; that as the suit was commenced after the act of 1855 took effect, no right of review existed, unless judgment should be rendered, open to review; but that as there was an attachment upon the writ, and the defendant could readily dispose of his property, a review would not be likely to afford the plaintiff adequate relief.

*C. R. Morrison*, for the plaintiff, contended that the verdict was against evidence, and that great injustice had been done, and he contended that the law of 1855 empowered the court to grant a new trial in such a case as this, and cited 15 N. H. 24; 15 Pick. 291. He also contended that the court might grant a new trial upon terms·as to costs.

*Hughes & Wilcox*, on the same side.

*Sawyer & Stevens*, for Boynton.

BELLOWS, J. At the January term, 1858, this cause was tried, and a verdict rendered for the defendant, Boynton. A motion to set aside the verdict was made at the

same term for errors in the ruling of the court, and also because the verdict was against evidence. The questions arising on this motion were assigned to the law term of this court, and there considered, and at the July term, 1858, judgment was ordered upon the verdict.

At the September trial term, 1858, of this court, the motion now before us was made, that the verdict may be set aside, or judgment rendered, open to review.

The application to set aside the verdict is upon the ground that by some accident, mistake or misfortune, justice has not been done, and a further hearing would be just and equitable. The substance of the allegations in the motion is, that upon the proofs in the cause, and which are stated in the motion, the verdict, upon the plainest principles of law and justice, ought to have been for the plaintiff; and therefore it is that by some accident, mistake or misfortune, justice has not been done.

In this way the court is asked to consider again the questions already passed upon, though in another aspect, and that is, as bearing upon the position that justice has failed to be done, by accident, mistake or misfortune. If this application is sustained and a new trial granted, it must be upon grounds that will in most cases admit a motion of this general character, after the grounds of it have once been considered in detail, and held insufficient to set aside the verdict. To sustain this proceeding the plaintiff relies upon the provisions of the 24th section of the act of 1855, remodeling the judiciary; but we are inclined to hold that these provisions will not admit of such construction as is claimed. This act establishes an independent Court of Common Pleas, with a right to appeal to the Supreme Judicial Court in all matters where the damages demanded exceed one hundred dollars; and in these cases there is no provision for the transfer of motions for new trials, and other questions of law, to the Supreme Court other than by appeal. It was, therefore,

Wright *v.* Boynton.

proper that the Court of Common Pleas should have the power to grant new trials; and to remove all doubt upon the subject this provision was probably inserted. The power is to grant new trials for sufficient cause shown, and what is sufficient cause is to be found in the rules of the common law and the course of the court; and we are unable to perceive any purpose to change the rules which had heretofore governed the granting of new trials.

The provision in the same section, empowering the Supreme Judicial Court to grant a review, is substantially identical with the former law, in relation to the Superior Court of Judicature, and it is expressly provided that the proceedings shall be the same. There is, also, a provision in relation to the court in which such review shall be had, and a careful examination of that section leads to the belief that the subject of new trials and reviews was introduced with the view of adapting the proceeding to the courts then established, and not with any purpose of changing the causes for which they might be granted.

We hold, therefore, that the questions raised by this application have already been adjudicated, and that the motion for a new trial must be denied.

Something has been said in the course of the discussion, of newly discovered evidence as a ground for a new trial. But the evidence is merely cumulative, and is not of that decisive character required to entitle a party to a new trial. And beside, no such question has been transferred to this court.

In respect to the other part of the motion, we are of the opinion that judgment should be rendered, open to review. From an examination of the proofs adduced on the trial, with the additional evidence laid before us, we think it a proper case for the exercise of the discretion of the court, in giving the plaintiff the right to bring review.

There must, therefore, be

*Judgment on the verdict, open to review.*